NORWOOD (THOMPSON v.). See Case No. 13,970.

NOSTRA SENORA DEL CAMINO, The (SALDERONDO v.). See Case No. 12,247.

NOTNAGLE (GRAIGHLE v.). See Case No. 5,679.

## Case No. 10,366.

### NOTT v. The SABINE et al.

[2 Woods, 211; [1] 1 La. Law J. 175.]

Circuit Court, D. Louisiana. April Term, 1876.[2]

PRACTICE IN ADMIRALTY—JOINDER OF PROCEEDINGS IN REM AND IN PERSONAM.

The 19th admiralty rule was intended to prohibit a joinder of proceedings in rem and in personam in the same libel for the salvage of the same goods.

[Appeal from the district court of the United States for the district of Louisiana.]

[This was a libel for salvage by Edgar Nott against the steamboat Sabine and cargo. Certain exceptions were filed by the consignees, which were sustained by the district court, and the libel was dismissed. Case unreported. From that decree, libellants appeal.]

C. B. Singleton and R. H. Browne, for libellants.

John A. Campbell and M. M. Cohen, for claimants.

BRADLEY, Circuit Justice. This case is not entirely like the cases which have been referred to on the argument. Those were cases in which property and its owners were proceeded against in the same libel, the former in rem, the latter in personam. And the weight of authority, as fairly reviewed by Judge Conkling, in his treatise on Admiralty (pages 25–42, 2d Ed.), is, that such a libel cannot be sustained. The 19th admiralty rule, which provides, that "in all suits for salvage the suit may be in rem against the property saved or the proceeds thereof, or in personam against the party at whose request and for whose benefit the salvage service has been performed," evidently recognizes this principle. In view of the remarks and discussions which had taken place on the subject in admiralty courts, before the rule was adopted, it seems almost certain that it was intended to prohibit a joinder of proceedings in rem and in personam in the same libel for the salvage of the same goods. This was more than hinted at in the case of Bondies v. Sherwood, 22 How. [63 U. S.] 216. The case of Newell v. Norton, 3 Wall. [70 U. S.] 266, has been referred to as adverse to this view. But I do not so consider it. That was a case of collision, in which the rule is, that the libellant may proceed against the ship and master, or against the ship alone, or against the master or the owner alone in personam. The libel had been originally against the ship and master, and pilot and owners. The court below had stricken out the pilot and owners, and had sustained the libel as against the ship and master, although the latter was a part owner. This was sustained by the supreme court as correct. The court say: "The objection, that the libel in rem against a vessel, and in personam against the owner (the word 'owner' being an evident misprint for 'master') cannot be joined, was properly overruled, as it was in conformity with the 15th rule in admiralty, as established in this court." But the case before this court is different from the ordinary case referred to in the cases and in the rule. This is not a libel in rem against property, and in personam against the owner of the same property. It is in rem against the vessel and

---

[s] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 101 U. S. 384.]

in personam against the consignees of the cargo. The joinder of actions against both vessel and cargo in rem, or against the owners of the vessel and the owners of the cargo in personam, in a suit for the same salvage service. is not contended to be irregular; but it is claimed, that if the actions be joined, they must be pursued in the same manner; either both in rem or both in personam. I am inclined to think that this is the correct view. Where a vessel and cargo have been saved, the latter belonging, perhaps, to a multitude of owners, the more convenient way would be, to libel the ship and cargo for the salvage, and let the parties interested intervene for their respective interests. No doubt the owners of the ship. by virtue of their special property in the cargo, could claim the whole; and, then, they could deliver out the cargo to its owners upon the ordinary general average bond. But to sue the ship in rem, and the owners of the cargo in personam, or vice versa, would be productive of confusion, and would involve all the inconveniences and embarrassments which were sought to be obviated in the ordinary case, by the adoption of the 19th admiralty rule. The decree of the district court is affirmed with costs. and the cause will be heard upon the libel as against the vessel alone.

[On appeal to the supreme court. the decree of this court was affirmed. 101 U. S. 384.]